NOT FOR FULL-TEXT PUBLICATION
File Name: 10a0080n.06

**FILED**
**Feb 10, 2010**
LEONARD GREEN, Clerk

No. 08-1738

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIAM HENRY BARNWELL,

      Defendant-Appellant.

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE:  SUHRHEINRICH, McKEAGUE and KETHLEDGE, Circuit Judges.

      **SUHRHEINRICH, Circuit Judge.**  In this interlocutory appeal, Defendant William Henry Barnwell appeals the district court's denial of his motion to dismiss on double jeopardy grounds.  Barnwell's original trial ended in a mistrial after the judge declared that the jury was hung.  Barnwell was retried, before the same judge, and convicted of embezzlement and theft of labor union assets and conspiracy to engage in the misappropriation of union assets.  After the second trial, it was revealed for the first time to Barnwell that the judge had, during the first trial, engaged in five ex parte conversations with the Government while the jury was in deliberations.  These ex parte conversations occurred after government agents monitoring a wiretap, coincidentally approved by the same judge, heard a discussion that suggested that a juror had leaked information about the deliberations.

      Barnwell appealed his conviction to this court.  He made several arguments for reversal that pertained to the ex parte conversations, one of which was similar to the double jeopardy

argument currently before this court. This court held that these conversations violated Barnwell's rights to due process, effective assistance of counsel, and trial by an impartial judge and jury. *United States v. Barnwell*, 477 F.3d 844 (6th Cir. 2007). This court remanded to the district court for a third trial. The district court judge subsequently recused himself.

Barnwell then filed this motion to dismiss, arguing that the Double Jeopardy Clause prohibited the district court from trying him again because of the ex parte conversations during the first trial. The district court denied the motion. The judge held that the law of the case doctrine and the mandate rule barred his consideration of the motion. Furthermore, the judge determined that, even if the double jeopardy argument was considered, it failed on the merits because a manifest necessity existed for the mistrial declaration.

After reviewing the briefs, the record, and its applicable law, we are persuaded that the district court properly denied Barnwell's motion. Accordingly, we **AFFIRM** the decision by the district court denying Barnwell's motion to dismiss for the reasons stated in its opinion dated June 18, 2008.